**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**BOWLING GREEN DIVISION**

**ALEXANDER MALDONADO, JR., et al.**                                                          **PLAINTIFFS**

**v.**                                                                                  **CIVIL ACTION NO. 1:20-CV-P151-GNS**

**VEDAD HADZIKADUNIC et al.**                                                        **DEFENDANTS**

### MEMORANDUM OPINION

*Pro se* Plaintiffs Alexander Maldonado, Jr., and David Lugo Mason filed an *in forma pauperis* 42 U.S.C. § 1983 complaint. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the following reasons, the complaint will be dismissed.

### I. STATEMENT OF FACTS

Plaintiffs Maldonado and Mason are pretrial detainees at the Warren County Regional Jail. They name as Defendants Warren County Sheriff's Office (WCSO) Deputies Vedad Hadzikadunic and Evan Cook; WCSO Captain Curtis Hargett; the WCSO; and Robert Smith.[1] The complaint alleges that on February 7, 2020, Plaintiff Maldonado was "ignored when I told the deputy to speak to my lawyer, that I had no comment." Plaintiff Maldonado states that after a while, "I told the sherrif I had someone who could verify my whereabouts." He alleges that the alleged victims provided contradicting statements about "time of arrival, time length of events." Plaintiff Maldonado asserts that the WCSO is recorded saying that they do not care about Robert Miller's "illegal activities that they were targeting [Plaintiff Maldonado]."[2]

---

[1] It is not clear from the complaint who Robert Smith is.

[2] It is also not clear from the complaint who Robert Miller is.

The only allegation regarding Plaintiff Mason in the complaint is the following: "In the interview with David Lugo Mason the deputies coerce him into a confession."

According to the complaint, "[a]ll of this and more evidence is on the record of case No. 20-CR-00374-001 in Warren Circuit Court" and that "they have arrested 3 minorities[,] 2 of which are mentally disabled in this case. Please help."

As relief, Plaintiffs request monetary damages and to have the charges dropped and that they be released from custody.

## II. ANALYSIS

The claims raised by Plaintiffs are essentially collateral attacks on an underlying state-court criminal prosecution. If the criminal proceedings are on-going, this Court cannot address claims which will directly impact the course of those proceedings. A federal court must decline to interfere with pending state proceedings involving important state interests unless extraordinary circumstances are present. *See Younger v. Harris*, 401 U.S. 37, 44-45 (1971). When a person is the target of an ongoing state action involving important state matters, he cannot interfere with the pending state action by maintaining a parallel federal action involving claims that could have been raised in the state case. *Watts v. Burkhart*, 854 F.2d 839, 844-48 (6th Cir. 1988). If a state defendant files such a case, *Younger* abstention requires the federal court to defer to the state proceeding. *Id*; *see also Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987). Based on these principles, abstention is appropriate if: (1) state proceedings are on-going; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal questions. *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). Abstention is mandated whether the state-court proceeding is criminal, quasi-criminal, or civil in nature as long as federal court

intervention "unduly interferes with the legitimate activities of the State." *Younger*, 401 U.S. at 44.

All three factors supporting abstention are present. The claims asserted by Plaintiffs against Defendants are clearly the subject of state-court criminal matters, which are of paramount state interest. *See Younger*, 401 U.S. at 44-45. The state criminal process, moreover, affords Plaintiffs an adequate opportunity to raise their constitutional claims. *See, e.g.*, *Daniels v. Noyola*, No. 1:14CV-P141-GNS, 2015 WL 1003854, at *2 (W.D. Ky. Mar. 6, 2015) ("In light of the available avenues through which Plaintiff may raise a constitutional challenge in his pending case, this Court will not interfere with an on-going Kentucky state court proceeding."). In addition, Plaintiffs have not alleged any unusual or extraordinary circumstances sufficient to warrant federal intervention at this time. Therefore, *Younger* abstention is appropriate because Plaintiffs' claims concern a criminal investigation. *Tindall v. Wayne Cty. Friend of the Court*, 269 F.3d 533, 538 (6th Cir. 2001) (advising that *Younger* abstention counsels federal court to refrain from adjudicating matter otherwise properly before it in deference to ongoing state criminal proceedings). Where *Younger* abstention is appropriate, it requires dismissal of those claims without prejudice. *Zalman v. Armstrong*, 802 F.2d 199, 207 n.11 (6th Cir. 1986).

### III. CONCLUSION

For the foregoing reasons, the Court will, by separate Order, dismiss this action without prejudice.

Date: February 12, 2021

Greg N. Stivers, Chief Judge
United States District Court

cc: Plaintiffs, *pro se*
   Defendants
   Warren County Attorney
4416.009

3